UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON BERNARD GENTRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HEATHER JUSTICE, et al.,<br><br>　　　　　Defendants. | CASE NO. 3:21-CV-5521-JCC-DWC<br><br>ORDER TO FILE AMENDED COMPLAINT |

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Aaron Bernard Gentry, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983.[1]

Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by September 24, 2021, to cure the deficiencies identified herein.

**I.　　Background**

In the proposed complaint, Plaintiff, a pretrial detainee housed in the Pierce County Jail, alleges Defendants – doctors, nurses, and social workers at Allenmore Hospital, a probation

---

[1] Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. Dkt. 1. However, the Court declines to rule on the request to proceed *in forma pauperis* until Plaintiff has filed an amended complaint.

ORDER TO FILE AMENDED COMPLAINT - 1

officer, and the Nisqually Tribal Jail -- failed to provide Plaintiff with proper medical care and violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA"). Dkt. 1-1.

**II.     Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's proposed complaint suffers from deficiencies that require dismissal if not corrected in an amended complaint.

A.   <u>Personal Participation</u>

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350,

1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the proposed complaint, Plaintiff alleges unnamed doctors, nurses, and social workers at Allenmore Hospital violated his constitutional rights by pretending to provide him with treatment in an effort to assist in his arrest him. Dkt. 1-1. He states he was not given necessary treatment or medications for his mental health conditions by a social worker, a probation officer, and the Nisqually Tribal Jail. *Id*. Plaintiff does not name any individuals in the statement of facts supporting his claims for relief or link his factual claims to the named defendants. Plaintiff does not explain what actions the named defendants took or failed to take which violated his rights. Moreover, Plaintiff has not sufficiently alleged facts to show that employees of Allenmore Hospital (doctors, nurses, social workers) were acting under state law for purposes of §1983 liability. *See Yesilevsky v. Redmond*, 2020 WL 4370957 (C.D. Cal. April 1, 2020) (discussing and determining a hospital and its employees were not state actors). As Plaintiff has not alleged facts sufficient to show a person acting under color of state law violated his constitutional rights, he has failed to state a claim upon which relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

B. <u>HIPAA Violation</u>

In his proposed complaint, Plaintiff also alleges Defendants violated his rights under HIPAA. Dkt. 1-1. The Ninth Circuit has definitively declared "HIPAA itself provides no private right of action." *Garmon v. County of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016) (quoting *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007)). Other circuits have explicitly found that HIPAA cannot be enforced through Section 1983. *Adams v. Eureka Fire Prot. Dist.*, 352 Fed. Appx. 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action"); *Sneed v. Pan Am Hosp.*, 370 Fed. Appx. 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates a private cause of action or rights that are enforceable through § 1983"). As HIPAA does not provide a private right of action, the Court concludes Plaintiff's allegations that Defendants violated his rights under HIPAA fails state a claim upon which relief can be granted. *See Davenport v. Richards*, 2008 WL 2678371, *3 (W.D. Wash. June 30, 2008) (finding the plaintiff's claims relied solely on alleged violations of HIPAA, and because HIPAA provides no private right of action, the claims must be dismissed).

**III.    Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the proposed complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately respond to the issues raised herein on or before September 24, 2021, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to re-note the Application to Proceed *In Forma Pauperis* (Dkt. 1) for September 24, 2021.

Dated this 23rd day of August, 2021.

David W. Christel
United States Magistrate Judge